ROBERT L. BLAND, Judge.
On April 14, 1942, claimants, W. F. Rollins and the Home Insurance Company of New York, filed their petition in the state court of claims against the state road commission praying for an award of $248.92. By their petition said claimants represented that on March 20, 1941, said W. F. Rollins was the owner of a 1941 model Oldsmobile hearse, motor number 417, 773, serial number 11,717, and bearing West Virginia ■ license plates 120-501; that said Rollins carried a one hundred dollar about 10; 00 o’clock a. m., said Rollins was driving said vehicle with said Home Insurance Company of New York, being policy number AC 2194, said policy indemnifying said Rollins against loss on account of damage to said vehicle as result of collision, less one hundred dollar deductible item. By their said petition said claimants further represented that on March 20, 1941, at about 10:00 o’clock a. m., said Rollins was driving said vehicle from Terra Alta, West Virginia, to Kenova, West Virginia; that at a point on the main highway about two miles out of Terra Alta said vehicle collided with a snowplow owned and operated by the state road commission of West Virginia; that at the time of said collision there was considerable snow on said highway and a high wind was blowing; that said Rollins was operating his said vehicle on his right side of the road and collided headon with said snowplow which was on the snowplow’s left or wrong side of the highway, and traveling in the opposite direction from which said Rollins was proceeding; that *202 said Rollins was unable to see said snowplow and avert said collision for the reason that his vision was obstructed by a cloud of snow caused by the high wind and the action of. the snowplow. Claimants further represented that as a result of said collision the vehicle of said Rollins was badly damaged, was repaired by Blair Motors, Inc., of Huntington, West Virginia, the total cost of said repairs being $248.92, a copy of the itemized invoice covering said damage and repairs being made a part of said petition as “exhibit A.”
Claimants further represent that pursuant to the provisions of said insurance policy the said Home Insurance Company of New York did pay unto W. F. Rollins the sum of $148.92, covering the amount of said damage less the one hundred dollar deductible provision; that by reason of said payment said Home Insurance Company of New York was subrogated to the rights of said W. F. Rollins to the extent of $148.92, the amount paid by it as aforesaid.
Claimants charge that on account of said damage done by the state road commission they were entitled to be reimbursed therefor in the total amount of $248.92, of which amount said W. F. Rollins was entitled to $100.00 and the Home Insurance Company of New York was entitled to $148.92, and prayed that said claim might be held to be a valid and just claim against the state road commission of West Virginia and for the payment of same.
On June 4, 1942, respondent, state road commission, filed with the clerk of the court of claims a record of said joint claim and its concurrence therein. This record so prepared by respondent and filed as aforesaid shows the approval of said joint claim by the special assistant to the attorney general, as a proper claim for which an award should be made, so that the claim is heard under the provisions of section 17 of the court act, and without contest or any evidence or proof sustaining the right of the claimants to an award other than that contained in said record so prepared by the state road commission, which includes a letter addressed to claimant, *203 W. F. Rollins, under date of March 21, 1941, by W. L. Moore, safety director of the road commission, district No. 4, in which he states that his investigation showed that the road commission was responsible for the accident.
In view of the road commission’s admission of liability, the concurrence of the road commissioner in the claim and the approval of said claim for payment by the attorney general, an award is hereby made in the sum of two hundred forty-eighth dollars and ninety-two cents ($248.92) in settlement of said claim; one hundred dollars ($100.00) thereof in favor of said W. F. Rollins, and the residue thereof, or one hundred forty-eight dollars and ninety-two cents ($148.92) to said Home Insurance Company of New York.